## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| MICHAEL W. ALLEGRETTI, CHANDRA V. BROWN-DAVIS, YOLANDA BROWN, RONALD DINKEL, SIOBHAN E. FANNIN, KRISTIE KOLACNY, DIANNA J. MARTIN, SHERRI NELSON, PATRICIA OTUONYE, BECKY S. RAY, SCOTT C. READ, TIMOTHY M. RENAUD, LISA SMITH, SUSAN WEEKS, AND ANDRO D. YOUSSEF, on behalf of themselves and all others similarly situated, | Case No. 1:19−cv−05392 Hon. Charles R. Norgle |
| Plaintiffs, | |
| v. | |
| WALGREEN CO.; THE RETIREMENT PLAN COMMITTEE OF THE WALGREEN PROFIT-SHARING RETIREMENT PLAN; THE TRUSTEES OF THE WALGREEN PROFIT-SHARING RETIREMENT TRUST; THE BOARD OF DIRECTORS OF WALGREEN CO., | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL

**Table of Contents**

I.   CLASS CERTIFICATION IS APPROPRIATE ................................................................. 1

   A.   Rule 23(a)'s Requirements Are Met ................................................................... 2

      1.   Numerosity ....................................................................................................... 3

      2.   Commonality .................................................................................................... 3

      3.   Typicality ......................................................................................................... 4

      4.   Adequacy ......................................................................................................... 6

   B.   Rule 23(b)(1)'s Requirements Are Met .............................................................. 8

   C.   Plaintiffs' Counsel Should Be Appointed as Class Counsel .......................... 10

II.   NOTICE TO THE CLASS IS NOT REQUIRED ......................................................... 13

III.   CONCLUSION ............................................................................................................. 13

## Table of Authorities

**Cases**

*Abbott v. Lockheed Martin Corp.*, 725 F.3d 803 (7th Cir. 2013) .................................................. 5

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................................. 6,8

*Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 322 F.R.D. 458 (N.D. Ill. 2017) ............................................................................................................................... 5

*Banyai v. Mazur*, 205 F.R.D. 160 (S.D.N.Y.2002) ................................................................. 8

*Beaton v. SpeedyPC Software*, 907 F.3d 1018 (7th Cir. 2018) ............................................. 3,5

*Brieger v. Tellabs, Inc.*, 245 F.R.D. 345 (N.D. Ill. 2007) ....................................................... 4,6

*Butler v. Sears, Roebuck & Co.*, 727 F.3d 796 (7th Cir. 2013) ............................................. 3

*Caroline C. By & Through Carter v. Johnson*, 174 F.R.D. 452 (D. Neb. 1996) ..................... 13

*Clark v. Duke Univ.*, No. 16-cv-1044, 2018 WL 1801946 (M.D.N.C. Apr. 13, 2018) ............. 9

*Cunningham v. Cornell Univ.*, No. 16-cv-6525, 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) 9, 10, 13

*De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225 (7th Cir. 1983) ................................. 5

*Harris v. Koenig*, 271 F.R.D. 383 (D.D.C. 2010) ................................................................... 9

*Henderson v. Emory Univ.*, No. 16-cv-2920, 2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) ..... 7,9

*Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559 (D. Minn. 2014) ........................................ 6,9

*Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145 (S.D.N.Y. 2017) ..................... 6,9,10

*Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15-cv-9936, 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) ......................................................................................................... 7

*Neil v. Zell*, 275 F.R.D. 256 (N.D. Ill. 2011) ...................................................................... 3,8,9,10

*Nistra v. Reliance Tr. Co.*, No. 16-C-4773, 2018 WL 835341 (N.D. Ill. Feb. 13, 2018) .............. 4

*Orr v. Shicker*, 953 F.3d 490 (7th Cir. 2020) ...................................................................... 2,3

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) .................................................................. 2, 9

*Randall v. Rolls-Royce Corp.*, 637 F.3d 818 (7th Cir. 2011) ................................................ 13

*Shanehchian v. Macy's, Inc.*, No. 1:07–cv–00828, 2011 WL 883659 (S.D. Ohio Mar. 10, 2011) 9

*Sims v. BB & T Corp.*, No. 15-cv-732, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) ................. 8

*Smith v. Aon Corp.*, 238 F.R.D. 609 (N.D. Ill. 2006) ........................................................... passim

*Spano v. Boeing Co.*, 294 F.R.D. 114 (S.D. Ill. 2013) ........................................................... 9, 10

*Spano v. The Boeing Co.*, 633 F.3d 574 (7th Cir. 2011) ....................................................... 4

*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014) .............................................. 3

*Taylor v. ANB Bancshares, Inc.*, No. 08-cv-5170, 2010 WL 4627841 (W.D. Ark. Oct. 18, 2010),
   *report and recommendation adopted*, 2010 WL 4627672 (W.D. Ark. Nov. 4, 2010) .............. 9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ................................................................ 3

**Statutes**

29 U.S.C. § 1102(a)(2) ................................................................................................................ 2

29 U.S.C. § 1104 ......................................................................................................................... 8

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................................... 2

Fed. R. Civ. P. 23(a)(1) ............................................................................................................... 3

Fed. R. Civ. P. 23(a)(2) ............................................................................................................... 3

Fed. R. Civ. P. 23(a)(3) ........................................................................................................... 4, 6

Fed. R. Civ. P. 23(a)(4) ............................................................................................................ 6,8

Fed. R. Civ. P. 23(b)(1)(A) ............................................................................................... 8,9,10,13

Fed. R. Civ. P. 23(b)(1)(B) ............................................................................................. 2,8,9,10,13

Fed. R. Civ. P. 23(g)(1) ............................................................................................................. 10

Plaintiffs Michael W. Allegretti, Chandra V. Brown-Davis, Yolanda Brown, Ronald Dinkel, Siobhan E. Fannin, Kristie Kolacny, Dianna J. Martin, Sherri Nelson, Patricia Otuonye, Becky S. Ray, Scott C. Read, Timothy M. Renaud, Lisa Smith, Susan Weeks, and Andro D. Youssef, by and through their undersigned counsel, bring this unopposed motion for class certification pursuant to Fed. R. Civ. P. 23(b)(1) and the appointment of Sanford Heisler Sharp, LLP and of Kevin Sharp, Charles Field, David Tracey, and Danielle Fuschetti as class counsel (the "Motion"). Plaintiffs and Defendants, by and through their counsel of record, have conferred regarding the Motion, and Defendants do not oppose the relief sought herein.[1]

## I.    CLASS CERTIFICATION IS APPROPRIATE

Plaintiffs move for certification pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1) of the following class (hereinafter "Class"):

> All participants and beneficiaries of the Walgreen Profit-Sharing Retirement Plan (the "Plan") who invested in any of the following Northern Trust Focus Target Retirement Trusts (collectively, the "Challenged Funds") from January 1, 2014 through the date of judgment, excluding the Walgreen Defendants, any of their directors, and any officers or employees of the Walgreen Defendants with responsibility for the Plan's investment or administrative functions:
>
> > Northern Trust Focus 2020 Fund,
> > Northern Trust Focus 2025 Fund,
> > Northern Trust Focus 2030 Fund,
> > Northern Trust Focus 2035 Fund,
> > Northern Trust Focus 2040 Fund,
> > Northern Trust Focus 2045 Fund,
> > Northern Trust Focus 2050 Fund,
> > Northern Trust Focus 2055 Fund.[2]

---

[1] The Parties have memorialized an agreement, which included Defendants' non-opposition to this motion, in the stipulation filed at Dtk. No. 66.

[2] Plaintiffs originally pled a class of all participants and beneficiaries of the Plan who invested in any of the Northern Trust Focus Target Retirement Trusts from January 1, 2014 through the date of judgment (Dkt. Nos. 1 & 35); however, in its order of March 16, 2020, the Court dismissed Plaintiffs' claims concerning the 2010 and 2015 Northern Trust Focus Funds. Dkt. No. 46. Accordingly, Plaintiffs have modified their class definition, but do so without waiving their right

"Federal Rule of Civil Procedure 23 requires a plaintiff seeking class certification to satisfy all four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and any one of the general categories of Rule 23(b)." *Orr v. Shicker*, 953 F.3d 490, 497 (7th Cir. 2020). As this Court has recognized, "[a] breach of fiduciary duty claim brought by plan participants or beneficiaries is . . . properly pursued as a class action," particularly, as here, where Plaintiffs bring claims in a representative capacity on behalf of the plan under ERISA § 502(a)(2), 29 U.S.C. 1102(a)(2). *Smith v. Aon Corp.*, 238 F.R.D. 609, 613 (N.D. Ill. 2006) (Norgle, J.). *See also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999) (noting that one "classic example" of a Rule 23 (b)(1) class is "a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class" (quoting Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee Note (1966 Amendment) (internal quotation marks omitted). This case is no exception. As established below, the requirements of Rule 23(a) and (b)(1) are fully satisfied. Accordingly, class certification is appropriate.

A.      **Rule 23(a)'s Requirements Are Met**

Federal Rule of Civil Procedure 23(a) sets forth four prerequisites for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. As detailed below, the prerequisites of numerosity, commonality, typicality, and adequacy set forth in Rule 23(a) are all satisfied here.

---

to appeal the Court's decision and modify the class in the future to include the participants who invested in the 2010 and 2015 Funds.

### 1. Numerosity

"While there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement" of Rule 23(a)(1). *Orr*, 953 F.3d at 498 (quoting *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017)). The proposed class here contains at least approximately 240,000 members, orders of magnitude above the presumptive 40-person threshold. *See* Declaration of David Tracey ("Tracey Decl.") at ¶ 7. Thus, the numerosity requirement is satisfied here. *See Neil v. Zell*, 275 F.R.D. 256, 260 (N.D. Ill. 2011) (class of an estimated 11,000 participants was sufficiently numerous); *Smith*, 238 F.R.D. at 617 (class of 32,445 plan participants was enough).

### 2. Commonality

Rule 23(a)(2) provides that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement, Plaintiffs' claims must pose "one or more common questions of law or fact that are capable of class-wide resolution and are central to the claims' validity." *Beaton v. Speedy PC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "The critical point is 'the need for *conduct* common to members of the class.'" *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (quoting *In re IKO Roofing Shingle Prod. Liab. Litig.*, 757 F.3d 599, 602 (7th Cir. 2014)). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Id.; see also Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (noting that "the fact that damages are not identical across all class members should not preclude class certification").

Here, there are numerous questions central to Plaintiffs' claims that are common to the claims of all class members, including: (1) whether Defendants owed fiduciary duties to Plan

participants; (2) whether Defendants breached their fiduciary duties in each respect alleged by Plaintiffs, including by failing to prudently monitor the Challenged Funds and remove them from the Plan; (3) whether the Plan and its participants suffered resulting losses; (4) how to calculate the losses to the Plan and its participants; and (5) what equitable relief should be imposed to remedy such breaches and to prevent future ERISA violations. *See* Second Amended Complaint ("SAC") (Dkt. 67), ¶ 120; *See Spano v. The Boeing Co.*, 633 F.3d 574, 585 (7th Cir. 2011) (holding that "the assertion that [the defendant] ha[d] failed to satisfy its fiduciary duties in its selection of investment options . . . describe[d] [a] problem[ ] that would operate across the plan" and therefore posed a common question); *Brieger v. Tellabs, Inc.*, 245 F.R.D. 345, 349 (N.D. Ill. 2007) (holding commonality requirement met when participants alleged that ERISA fiduciaries who "managed and controlled the Plan assets and directed the Plan's investment options . . . continued to invest the Plan's assets in [company] stock when they knew or should have known that it was imprudent to do so"); *Smith*, 238 F.R.D. at 617 (holding that the above-listed questions, among others, were common to plan participants' claims in ERISA action).

### 3. Typicality

Plaintiffs' claims also satisfy Rule 23(a)(3). The typicality requirement ensures that there is "enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano,* 633 F.3d at 586. "Typicality 'should be determined with reference to the company's actions, not with respect to particularized defenses it might have against certain class members.'" *Nistra v. Reliance Tr. Co.*, No. 16-C-4773, 2018 WL 835341, at *2 (N.D. Ill. Feb. 13, 2018) (quoting *CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721, 725 (7th Cir. 2011)): a Plaintiff's claim is "typical" when it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal

theory." *Id.* (quoting *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009)). "The typicality requirement is thus satisfied when 'the named representatives' claims have the same essential characteristics as the claims of the class at large," *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 322 F.R.D. 458, 464 (N.D. Ill. 2017) (quoting *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993)), even if there are "some factual variations" among them. *Beaton*, 907 F.3d at 1026; *see De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) ("The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members.").

Plaintiffs are current or former participants in the Plan who held investments in the Challenged Funds on or after January 1, 2014. SAC ¶¶ 12-26.[3]. Plaintiffs and all other class members have the same legal claims against the same Defendants for the same breaches of fiduciary duty arising from the same alleged conduct and course of events. Specifically, Plaintiffs allege that Defendants breached their fiduciary duties by selecting and retaining Challenged Funds as Plan investment options despite their chronic underperformance. SAC ¶¶ 47-117. Plaintiffs and the class members all invested in one or more of the Challenged Funds, and they all similarly suffered harm as a result of Defendants' selection and retention of these funds. *See, e.g.*, *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 814 (7th Cir. 2013) (holding that plaintiffs who invested in the same allegedly underperforming funds as the class met the typicality requirement); *Smith*, 238

---

[3] *See also* Declaration of Michael Allegretti ("Allegretti Decl.") ¶ 3; Declaration of Chandra V. Brown-Davis ("Brown-Davis Decl.'") ¶ 3; Declaration of Yolanda Brown ("Brown Decl.") ¶3; Declaration of Ronald Dinkel ("Dinkel Decl.") ¶ 3; Declaration of Siobhan E. Fannin ("Fannin Decl.") ¶ 3; Declaration of Kristie Kolacny ("Kolacny Decl.") ¶ 3; Declaration of Dianna J. Martin ("Martin Decl.") ¶ 3; Declaration of Sherri Nelson ("Nelson Decl.") ¶ 3; Declaration of , Becky S. Ray ("Ray Decl.") ¶ 3; Declaration of Scott C. Read ("Read Decl.") ¶ 3; Declaration of Timothy M. Renaud ("Renaud Decl.") ¶ 3; Declaration of Lisa Smith ("Smith Decl.") ¶ 3; Declaration of Susan Weeks ("Weeks Decl.") ¶ 3; Declaration of Andro D. Youssef ("Youssef Decl.") ¶ 3.

F.R.D. at 617 (holding plaintiffs' claims were typical in breach-of-fiduciary duty action where they and class members all held investment in the challenged stocks).[4] Plaintiffs' grievances are therefore "typical" of class members' claims. Fed. R. Civ. P. 23(a)(3).

### 4. Adequacy

Plaintiffs have also shown that as "the representative parties," they "will fairly and adequately represent the class." Fed. R. Civ. P. 23(a)(4). To meet this requirement, "[a] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997). "The adequacy heading also factors in competency and conflicts of class counsel." *Id.* n.20. As this Court has summarized, adequacy thus "breaks down into two components":

> First, the class representative [should] not have interests antagonistic to those of the class. Second, the class representatives must be willing and able to vigorously pursue the litigation on behalf of the class, and the attorneys they have chosen to represent the class must be qualified, experienced and able to conduct the litigation.

*Smith*, 238 F.R.D. at 615 (internal quotation marks and citations omitted).

Plaintiffs Michael W. Allegretti, Chandra V. Brown-Davis, Yolanda Brown, Ronald Dinkel, Siobhan E. Fannin, Kristie Kolacny, Dianna J. Martin, Sherri Nelson, Becky S. Ray, Scott C. Read, Timothy M. Renaud, Lisa Smith, Susan Weeks, and Andro D. Youssef will fairly and

---

[4] Since Defendants selected and retained the suite of Challenged Funds as a unified package, their allegedly imprudent process for selecting and retaining those funds impacted each fund in the same way; that Plaintiffs and class members invested in different vintages within the same package of funds "does not change the nature of their claims or the legal arguments they would make to prove [d]efendants' liability" — so it does not defeat typicality. *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 162 (S.D.N.Y. 2017) (holding that Plaintiffs' claims were typical because "each of the claims concern[ed] allegedly disloyal and imprudent conduct that impacted [the challenged funds] in the same manner"; explaining, that "Plan participants may . . . invest in different funds . . . does not change the nature of their claims or the legal arguments they would make to prove [d]efendants' liability"); *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 573 (D. Minn. 2014) (same); *see also Brieger*, 245 F.R.D. at 350-52 (explaining that any "variance in individual Plan participants' investment patterns d[id] not undermine typicality").

adequately protect the interests of the class.[5] Their interests in this litigation are identical to those of the other members of the Class. Like all Class members, these Plaintiffs were Plan participants and were invested in the Challenged Funds during the Class Period, and they seek relief for the same breaches of fiduciary duty that affected the entire class. SAC ¶¶ 12-26,126-143.[6] They have no known conflicts of interest and are fully motivated to represent the class in this litigation.[7] Moreover, as discussed in Section I.C below, Plaintiffs have chosen highly qualified counsel to represent them.

Plaintiffs Michael W. Allegretti, Chandra V. Brown-Davis, Yolanda Brown, Ronald Dinkel, Siobhan E. Fannin, Kristie Kolacny, Dianna J. Martin, Sherri Nelson, Becky S. Ray, Scott C. Read, Timothy M. Renaud, Lisa Smith, Susan Weeks, and Andro D. Youssef have confirmed that they are ready, willing, and able to fulfill the duties required of a class representative. They have submitted declarations attesting to their efforts to date, their desire to serve as representatives of the Class, and their understanding of their responsibilities as class representatives.[8] Courts have relied upon similar declarations as evidence of the named plaintiffs' adequacy. *See, e.g.*, *Henderson v. Emory Univ.*, No. 16-cv-2920, 2018 WL 6332343, at *7 (N.D. Ga. Sept. 13, 2018) (plaintiffs "submitted affidavits attesting to their participation in [the] action and vowing to vigorously pursue the case"); *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15-cv-9936,

---

[5] Appointment of Plaintiff Patricia Otuonye as a class representative is not sought at this time.

[6] *See also* Allegretti Decl. ¶ 3; Brown-Davis Decl. ¶ 3.; Brown Decl., ¶3; Dinkel Decl. ¶ 3; Fannin Decl. ¶ 3; Kolacny Decl. ¶ 3; Martin Decl. ¶ 3; Nelson, Decl. ¶ 3; Ray Decl. ¶ 3; Read Decl. ¶ 3; Renaud Decl. ¶ 3; Smith Decl. ¶ 3; Weeks Decl. ¶ 3; and Youssef Decl. ¶ 3.

[7] *See* Allegretti Decl. ¶¶ 6-8; Brown-Davis Decl. ¶¶ 6-8; Brown Decl. ¶¶ 6-8; Dinkel Decl. ¶¶ 6-8; Fannin Decl. ¶¶ 6-8; Kolacny Decl. ¶¶ 6-8; Martin Decl. ¶¶ 6-8; Nelson Decl. ¶¶ 6-8; Ray Decl. ¶¶ 6-8; Read Decl. ¶¶ 6-8; Renaud Decl. ¶¶ 6-8; Smith Decl. ¶¶ 6-8; Weeks Decl. ¶¶ 6-8; and Youssef Decl. ¶¶ 6-8.

[8] *See* note 8, *supra*.

2017 WL 3868803, at *7 (S.D.N.Y. Sept. 5, 2017) ("Each Plaintiff has filed a declaration attesting that they have reviewed the allegations of the Complaint, are aware that the suit concerns allegations that Defendants' investment offerings were improper . . . ."); *Sims v. BB & T Corp.*, No. 15-cv-732, 2017 WL 3730552, at *5 (M.D.N.C. Aug. 28, 2017). Thus, the proposed class representatives are adequate under Rule 23(a)(4).

### B.    Class Certification is appropriate under Rule 23(b)(1)

As this Court has recognized, "[c]laims in which plan participants or beneficiaries seek to recover on behalf of the plan itself are 'particularly well-suited for Rule 23(b)(1) certification by virtue of the substantive law of ERISA.'" *Smith*, 238 F.R.D. at 615 (quoting *In re Williams Cos. ERISA Litigation,* 231 F.R.D. 416, 424 (N.D. Okla. 2005)); *Banyai v. Mazur*, 205 F.R.D. 160, 165 (S.D.N.Y.2002) ("Class actions are generally well-suited to litigation brought pursuant to ERISA."). Indeed, "in light of [their] derivative nature" on behalf of the Plan, "breach of fiduciary duty claims brought under [ERISA] are 'paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class.'" *Neil*, 275 F.R.D. at 267 (quoting *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009)). This case fits squarely within that paradigm. As such, class certification is appropriate under both Rule 23(b)(1)(A) and Rule 23(b)(1)(B).

Rule 23(b)(1)(A) applies "in cases where the party is obligated by law to treat the members of the class alike . . . or where the [defendant] must treat all alike as a matter of practical necessity." *Amchem*, 521 U.S. at 614 (citation omitted). This is precisely such a case because the fiduciary duties imposed by ERISA are "duties with respect to a plan" that protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. § 1104. If the Court were not to certify a class, leaving thousands of class members to raise the same claims separately, Defendants would face "a risk of 'inconsistent or varying adjudications'" — including "contradictory rulings" as to

whether Defendants acted as fiduciaries, whether they breached their duty of prudence in retaining the Challenged Funds, the proper way to measure damages, and whether equitable relief is warranted. *Smith*, 238 F.R.D. at 617 (certifying class under both Rule 23(b)(1)(A) and Rule 23(b)(1)(B) in ERISA breach of fiduciary duty action). Inconsistent rulings on those issues in "thousands of separate individual actions" would subject Defendants to "differing standards of duty and, thus, differing standards of conduct," thereby leaving Defendants "in limbo" and "making compliance impossible." *Shanehchian v. Macy's, Inc.*, No. 1:07–cv–00828, 2011 WL 883659, at *9 (S.D. Ohio Mar. 10, 2011); *see Spano v. Boeing Co.*, 294 F.R.D. 114, 122-24, 127 (S.D. Ill. 2013) (certifying ERISA breach-of-fiduciary class action under both Rule 23(b)(1)(A) and (B)); *Neil*, 275 F.R.D. at 267 (citing cases in this district doing the same).[9]

Certification under Rule 23(b)(1)(B) is also appropriate, as class members' claims concern the same actions, duties, and damages to the Plan, such that an adjudication of Plaintiffs' claims "as a practical matter, would be dispositive of the interests" of all class members' claims. Indeed, a "classic" example of a Rule 23(b)(1)(B) claim is one "charging 'a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class' of beneficiaries, requiring an accounting or similar procedure 'to restore the subject of the trust.'" *Ortiz*, 527 U.S. at 834 (quoting Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee Note (1966 Amendment)). "That

---

[9] *See also Cunningham v. Cornell Univ.*, No. 16-cv-6525, 2019 WL 275827, at *7–8 (S.D.N.Y. Jan. 22, 2019) (finding certification of class under both Rule 23(b)(1)(A) and (B) was appropriate for ERISA fiduciary breach claim); *Henderson v. Emory Univ.*, No. 1:16-CV-2920-CAP, 2018 WL 6332343, at *9 (N.D. Ga. Sept. 13, 2018) (same); *Clark v. Duke Univ.*, No. 16-cv-1044, 2018 WL 1801946, at *9–10 (M.D.N.C. Apr. 13, 2018) (same); *Leber*, 323 F.R.D. at 165 (same); *Wildman v. Am. Century Servs., LLC*, No. 4:16-CV-00737-DGK, 2017 WL 6045487, at *5–6 (W.D. Mo. Dec. 6, 2017) (same); *Krueger*, 304 F.R.D. at 576-78; *Taylor v. ANB Bancshares, Inc.*, No. 08-cv-5170, 2010 WL 4627841, at *11-13 (W.D. Ark. Oct. 18, 2010), *report and recommendation adopted*, 2010 WL 4627672 (W.D. Ark. Nov. 4, 2010); *Harris v. Koenig*, 271 F.R.D. 383, 393–95 (D.D.C. 2010).

is precisely the kind of action at issue here." *Leber*, 323 F.R.D. at 165 & n.17 (collecting cases certifying ERISA actions under Rule 23(b)(1)(B); *see Spano*, 294 F.R.D. at 122-24, 126, 127; *Neil*, 275 F.R.D. at 267; *Smith*, 238 F.R.D. at 617; *supra* n.3. Rules 23(b)(1)(A) and (B) therefore each permit class certification.

### C. Plaintiffs' Counsel Should Be Appointed as Class Counsel

Rule 23(g)(1) states that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel." "To appoint class counsel, the court must consider factors such as the work counsel has done, its experience in similar types of litigation, knowledge of the applicable law, and resources available to represent the class." *Cunningham*, 2019 WL 275827, at *8 (citing Fed. R. Civ. P. 23(g)(1)(A)). As further detailed below, the Court should appoint Charles Field, Kevin Sharp, David Tracey, and Danielle Fuschetti, and Sanford Heisler Sharp, LLP (collectively, "Plaintiffs' Counsel") as class counsel.

Sanford Heisler Sharp, LLP ("Sanford Heisler Sharp" or "the Firm") is a nationally renowned employment, public interest, and class action law firm. From its formation in 2004, the Firm has been significantly involved in civil rights and employment class action litigation. Sanford Heisler Sharp has served as lead counsel in approximately 50 class actions in the employment, ERISA, wage and hour, consumer, housing, and other contexts, generating hundreds of millions of dollars in recoveries to class members. Declaration of Kevin Sharp at ¶ 9-10. The Firm has a high standing at the bar. Among many accolades, Sanford Heisler Sharp has been recognized as an "AV" rated firm, "Employment Group of the Year" by *Law360* (2016 and 2018), "Best Law Firm National Tier 1 Employment Firm" by *U.S. News & World Report* (2016-2019), "Elite Trial Lawyers" by the *National Law Journal* (2014, 2015, and 2019), and "2020 Labor & Employment Employee-Side Firm of the Year" by Benchmark Litigation. *Id.* at ¶15.

Sanford Heisler Sharp attorneys are amply qualified to lead this class action. The

professional backgrounds of the lead attorneys in this case are summarized in the declarations appended to this Motion.

- Kevin Sharp is Managing Partner of the Sanford Heisler Sharp's Nashville Office. Prior to joining Sanford Heisler Sharp, he served as judge of the United States District Court for the Middle District of Tennessee from 2011 to 2017. He possesses over twenty-five years of experience litigating and/or presiding over complex civil litigation cases, qui tam and whistleblower matters, products liability claims, malpractice cases, class action matters, ERISA claims, and civil rights and criminal matters. As Managing Partner at Sanford Heisler Sharp's Nashville Office, he has led the Firm's efforts in numerous complex litigations. He presently serves as counsel in ERISA class actions, *Pizzaro et al. v. Home Depot et al.*, Case No. 1:18-cv-01566 (N.D. Ga); *Karg v. Transamerica Corp.*, 1:18-cv-00134 (N.D. Iowa) (currently pending); and *In Re: G.E. ERISA Litigation*, Case No. 17-cv-12123-IT (D. Mass). *Id.*, at ¶ 7.

- Charles H. Field, co-chair of the Firm's Financial Services Litigation Practice Group, has devoted his legal career to handling fiduciary duty and investment management issues and complex investment products. He previously served as General Counsel of an SEC-registered investment management firm, where he oversaw compliance with ERISA and securities laws; served on the company's investment, investment performance, and securities valuation committees; and constructed hundreds of funds that are the very type at issue in this case. *See* Declaration of Charles H. Field, at ¶ 6. As the co-chair of Sanford Heisler Sharp's Financial Services Litigation Practice Group, Mr. Field has developed the theory of this case and spearheaded the firm's ERISA class actions that, as here, allege breaches of the duty of prudence arising out of the imprudent selection and retention of investment options for 401(k) plans. *Id.* at 15-16. He is a named co-lead counsel in *In Re: G.E. ERISA Litigation*, Case No. 17-cv-12123-IT

11

(D. Mass) and *Karg v. Transamerica Corp.*, 1:18-cv-00134 (N.D. Iowa) (currently pending). He also serves as counsel in *Pizzaro et al. v. Home Depot et al.*, Case No. 1:18-cv-01566 (N.D. Ga), and served as counsel in *Price v. Eaton Vance*, No. 18-cv-12098 (D. Mass.) (resulting in a $3.45 million Court-approved class action settlement). *See Id.*, at ¶ 17.

- David H. Tracey, co-chair of the Firm's Financial Services Litigation Practice Group, has significant experience in ERISA and worker's rights class actions. Along with Mr. Field, Mr. Tracey is a named class counsel in *Karg v. Transamerica Corp.*, 1:18-cv-00134 (N.D. Iowa) (currently pending), and has served as counsel in multiple ERISA class action lawsuits, including *Price v. Eaton Vance*, No. 18-cv-12098 (D. Mass.) (resulting in a $3.45 million Court-approved class action settlement), *Pizzaro v. Home Depot*, 18-cv-01566 (N.D. Ga.) (currently pending), and *In Re: G.E. ERISA Litigation*, Case No. 17-cv-12123-IT (D. Mass). He has also served as counsel in employment discrimination and consumer protection class actions. *See* Tracey Decl., ¶¶ 5, 8.

- Danielle A. Fuschetti is a class and representative action litigator and trial attorney. Declaration of Danielle A. Fuschetti ¶ 6. She regularly serves as counsel on employment law cases filed as class, collective, and representative actions. She was appointed class counsel for settlement purposes in *Fletscher v. Overland Solutions Inc.*, Case No. RG17852058 (Cal. Sup. Ct.) (wage and hour class action resulting in class settlement) and served as counsel in *Pan v. Qualcomm Incorporated*, Case No. 3:2016cv01885 (S.D. Cal.) (discrimination and equal pay case resulting in $19.5 million settlement) in which Sanford Heisler Sharp was appointed class counsel for settlement purposes. She is presently counsel in several cases filed as class or representative actions, including *Abrishamcar v. Oracle America, Inc.*, Case No. 535490 (Cal. Sup. Ct.) a representative action on behalf of thousands of employees pending between the second and third

12

phases of trial. *Id*.

Sanford Heisler Sharp has worked diligently on behalf of the class, including engaging in a thorough investigation, drafting a detailed complaint, amending the complaint twice, defeating in large part a motion to dismiss, and engaging in discovery. *See Cunningham*, 2019 WL 275827, at *8 (finding "competent representation for plaintiffs since this action's commencement" where counsel defended against defendants' motion to dismiss and conducted discovery). Sanford Heisler Sharp will continue to devote the resources necessary to prosecute this case, including staffing this case with additional skilled attorneys as needed.

In sum, Sanford Heisler Sharp attorneys are amply qualified to lead this class action and have competently represented the Class since the case's inception. Accordingly, Plaintiffs respectfully request that the Court appoint Charles Field, Kevin Sharp, David Tracey, and Danielle Fuschetti, and Sanford Heisler Sharp, LLP as Class Counsel.

## II. NOTICE TO THE CLASS IS NOT REQUIRED

Notice to absent class members is not required for classes certified under Fed. R. Civ. P. 23(b)(1)(A) or (b)(1)(B). *See Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 820 (7th Cir. 2011); *Caroline C. By & Through Carter v. Johnson*, 174 F.R.D. 452, 467 (D. Neb. 1996). Moreover, Plaintiffs do not believe that there is a need for the Court to direct the provision of notice to class members. *See* Advisory Committee Notes to 2003 Amendments to Rule 23(c) (notice to class members not needed as there is no right to opt-out of a Rule 23(b)(1) class).

## III. CONCLUSION

Class certification is appropriate, as the prerequisites of numerosity, commonality, typicality, and adequacy are all satisfied under Rule 23(a) and, as contemplated in Rule 23(b)(1), Defendants must treat class members alike and adjudication of Plaintiffs' claims "as a practical matter, would be dispositive of the interests" of all class members' claims. Sanford Heisler Sharp,

LLP and Charles Field, Kevin Sharp, David Tracey, and Danielle Fuschetti will competently represent the interests of class members as Class Counsel. Accordingly, Plaintiffs respectfully request that the Court grant this unopposed Motion.

Dated: December 4, 2020

/s/ Charles Field
*Charles Field
**SANFORD HEISLER SHARP, LLP**
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 577-4242
Facsimile: (619) 577-4250
cfield@sanfordheisler.com

*Kevin Sharp
**SANFORD HEISLER SHARP, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Ksharp@sanfordheisler.com

*David Tracey
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Phone: (646) 402-5650
Facsimile: (646) 402-5651
dtracey@sanfordheisler.com

*Danielle Fuschetti
**SANFORD HEISLER SHARP, LLP**
111 Sutter Street, Suite 975
San Francisco, CA 94104
DFuschetti@sanfordheisler.com

* *pro hac vice admitted*

Ben Barnow
Erich P. Schork
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph, Suite 1630Chicago, IL 60606
Phone: (312) 621-2000
b.barnow@barnowlaw.com
e.schork@barnowlaw.com

14

aparkhill@barnowlaw.com

*Attorneys for Plaintiffs and*
*the Proposed Class*