UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL W. ALLEGRETTI, CHANDRA V. BROWN-DAVIS, YOLANDA BROWN, RONALD DINKEL, SIOBHAN E. FANNIN, KRISTIE KOLACNY, DIANNA J. MARTIN, SHERRI NELSON, PATRICIA OTUONYE, BECKY S. RAY, SCOTT C. READ, TIMOTHY M. RENAUD, LISA SMITH, SUSAN WEEKS, AND ANDRO D. YOUSSEF,** on behalf of themselves and all others similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **WALGREEN CO.; THE RETIREMENT PLAN COMMITTEE OF THE WALGREEN PROFIT-SHARING RETIREMENT PLAN; THE TRUSTEES OF THE WALGREEN PROFIT-SHARING RETIREMENT TRUST; THE BOARD OF DIRECTORS OF WALGREEN CO.,** <br><br> **Defendants.** | Case No. 1:19−cv−05392 <br><br> Hon. Charles R. Norgle |

## DECLARATION OF CHARLES H. FIELD, ESQ.

I, Charles H. Field, Esq. declare and state as follows:

1

1. I am a partner and co-chair of the Financial Services Litigation Practice Group at Sanford Heisler Sharp, LLP ("Sanford Heisler Sharp" or "SHS"). I am counsel for Plaintiffs in the above-captioned action.

2. I make this Declaration in support of Plaintiffs' Unopposed Motion For Class Certification, Appointment Of Class Representatives, And Appointment Of Class Counsel. If called and sworn as a witness, I would testify competently as to the facts in this Declaration.

I. **Professional Background**

3. I received my law degree from the McGeorge Law School in 1986, and my B.A. from Indiana University in 1977. I am licensed to practice law in the State of California and in the United States District Court for the Southern District of California. I am admitted to this court *pro hac vice* for this matter.

4. I have devoted my entire 33-year legal career to handling fiduciary duty and investment management issues and complex investment products.

5. As the co-chair of Sanford Heisler Sharp's Financial Services Litigation Practice Group since 2015, my practice has focused exclusively on financial services litigation with a particular focus on ERISA class actions and investor fraud cases. I have served as counsel in multiple ERISA class actions, including *Price v. Eaton Vance et al.*, Case No. 18-12098 (D. Mass) (which resulted in a $3.45 million settlement); *Pizzaro et al. v. Home Depot et al.*, Case No. 1:18cv-01566 (N.D. Ga) (pending); *Karg et al. v. Transamerica et al.*, Case No. 18-CV-134 (N.D. Iowa) (pending); and *In RE GE ERISA Litigation* 1:17-cv-12123 (D. Mass) (pending). I have been interviewed concerning ERISA and investment issues by CNBC's *Closing Bell*, the *Wall Street Journal*, *Barron's*, *Law 360*, and various trade publications.

6. Prior to joining Sanford Heisler Sharp, I served as the General Counsel, Managing

Director, and Chief Legal Officer of Allianz Global Investors Capital (and its predecessor) (collectively "Allianz"), an SEC registered investment management firm with approximately $50 billion under management. During my 17-year tenure at Allianz, I oversaw the firm's compliance with ERISA, as well as federal and state securities laws, including the federal fiduciary duty standards embodied in the Investment Advisers Act of 1940 and, in various cases, the law of the jurisdiction of organization (e.g., Mauritius, India, Ireland, Cayman Islands). I served on the firm's various investment and investment performance committees and securities valuation committees. I also served on the Boards of Directors of various investment funds, similar to the types of funds at issue here, that invested billions of dollars in the global securities markets.

7. As an investments industry lawyer, I constructed hundreds of investment funds and oversaw fund administration and operations, which included monitoring fund performance and the costs and adequacy of third-party service providers.

## II. Overview of Work Performed on This Case

8. I have been substantially involved in this litigation from its inception. During the Summer of 2019, I personally spoke with over 60 current and former plan participants in the Walgreen Profit-Sharing Retirement Plan (the "Plan"). SHS' staff spoke to more than 100 additional current and former plan participants. After examining the Plan and the performance of the Plan's investment options, I began drafting the initial complaint in this action in July 2019.

9. On August 9, 2019, SHS filed a 54-page, 2-count class action complaint in the United States District Court of the Northern Illinois Eastern Division, 1:19−cv−05392, on behalf named Plaintiffs Chandra V. Brown-Davis, Yolanda Brown, Ronald Dinkel, Siobhan E. Fannin, Daphne G. Jacob, Kristie Kolacny, Dianna J. Martin, Sherri Nelson, Becky S. Ray, Timothy M. Renaud, Lisa Smith, and Susan Weeks. After filing the initial complaint, four further participants

3

– Michael W. Allegretti, Scott Read, Patricia Otuonye, and Andro D. Youssef – retained SHS to represent them as Plaintiffs and prospective class representatives in the action. On October 21, 2019, the firm filed an Amended Complaint to add the new Plaintiffs.

10. On November 4, 2019, Walgreens filed a Motion to Dismiss the Amended Complaint. I and several SHS attorneys analyzed Walgreens' Motion, thoroughly researched the issues raised, and prepared Plaintiffs' Opposition to the Motion. The Court denied Defendants' Motion in substantial part.

11. I, along with my colleagues at SHS, have expended substantial time and effort in the discovery process to date. SHS attorneys developed a discovery plan and identified the documents to be requested. SHS has served document requests and interrogatories, served third-party subpoenas, and has received and analyzed document productions. SHS has also invested significant time in preparing Plaintiffs' responses to Defendants' interrogatories and requests for production of documents.

12. In the course of preparing the motion for class certification, the SHS team has spent substantial time and effort deepening their knowledge of the case, as well as considering the broad strategy and the details of how to prove the claims and recover relief for the Plan and the class members through a class-based adjudication. I believe that this preparatory work and strategic planning will inure to the benefit of the class.

13. Defendants ultimately agreed not to oppose class certification and Plaintiffs filed an abbreviated, unopposed motion.

14. I am committed to continuing my vigorous efforts through final judgment.

**III. Other Relevant Case Work**

15. I am the Co-Chair of SHS's Financial Services Litigation Practice Group, which protects investors, employees, and retirees from abusive financial practices by employers, stockbrokers, and investment advisers. The practice focuses in particular on ERISA class actions concerning 401k mismanagement; and my colleagues and I have litigated or are in the process of litigating such cases in jurisdictions throughout the country. These actions concern, inter alia, allegations of disloyalty, excessive fees, and imprudent and underperforming plan investment options.

16. SHS's Financial Services Litigation Practice Group has been at the forefront of a pioneering theory and technique in ERISA 401k class actions: the use of assorted benchmarks and comparator funds to uncover chronic underperformance of a plan's investment options. This approach has placed the firm at the vanguard of ERISA sub-specialty cases challenging a fiduciary's imprudent investment of plan assets.

17. In addition to the present action, SHS has recently litigated or is currently litigating the following representative cases:

(a) SHS brought *Price v. Eaton Vance et al.*, Case No. 18-12098 (D. Mass) against the Eaton Vance Corporation and affiliated parties for breach of fiduciary duties and prohibited transactions under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, arising from allegations related to the selection and retention of proprietary funds. The matter settled on a class basis for $3.45 million. In granting final approval, Judge William G. Young of the United States District Court for the District of Massachusetts remarked, "this is lawyers operating as lawyers should, representing their client, putting their client's interests first, and having due regard to the uncertainties of litigation."

5

(b)  SHS brought *Pizzaro et al. v. Home Depot et al.*, Case No. 1:18-cv-01566 (N.D. Ga) against The Home Depot, Inc., and affiliated parties for breach of fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, arising from allegations of a failure to remove poorly performing funds from the plan and a failure to monitor the fees and services of certain parties in interest. In that matter, SHS has successfully defeated Defendant Home Depot's motions to dismiss and for summary judgment, and has achieved certification of three classes under Federal Rule of Civil Procedure 23.

(c)  SHS brought *Karg et al. v. Transamerica et al.*, Case No. 18-CV-134 (N.D. Iowa) against Transamerica and affiliated parties for breach of their fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, arising from allegations of a failure to remove poorly performing funds from the plan. In that matter, SHS has successfully defeated a motion to dismiss and a motion for reconsideration, and has a achieved class certification.

(d)  SHS brought *Haskins v. General Electric,* Case 3:17-cv-01960 (S.D. Ca), against General Electric and affiliated parties for breach of fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. §§1001-1461, arising from allegations of a failure to remove poorly performing proprietary funds from the plan. The case was ultimately transferred and consolidated with three other cases pending in the in the United States District Court for the District of Massachusetts, *In RE GE ERISA Litigation*, Case 1:17-cv-12123. As Co-Lead counsel in that action, I along with colleagues at SHS, have helped the Plaintiffs' defeat a motion to dismiss and a motion for reconsideration, and achieved class certification. I was appointed as one of four Co-Lead Class Counsel in the case. The case is currently in discovery.

18. Through cases such as these, SHS has developed, refined, implemented, and defended methods and techniques essential to successfully investigating, developing, and prosecuting actions like the case at bar.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of December, 2020, in San Diego, California.

_____
Charles Field