## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| MICHAEL W. ALLEGRETTI, CHANDRA V. BROWN-DAVIS, YOLANDA BROWN, RONALD DINKEL, SIOBHAN E. FANNIN, KRISTIE KOLACNY, DIANNA J. MARTIN, SHERRI NELSON, BECKY S. RAY, SCOTT C. READ, TIMOTHY M. RENAUD, LISA SMITH, SUSAN WEEKS, AND ANDRO D. YOUSSEF, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:19–cv–05392 <br><br> Hon. Charles R. Norgle , |
| Plaintiffs, | |
| v. | |
| WALGREEN CO.; THE RETIREMENT PLAN COMMITTEE OF THE WALGREEN PROFIT-SHARING RETIREMENT PLAN; THE TRUSTEES OF THE WALGREEN PROFIT-SHARING RETIREMENT TRUST; THE BOARD OF DIRECTORS OF WALGREEN CO., | |
| Defendants. | |

## ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT, APPROVING PROCEDURE
## AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

This matter having come before the Court on Plaintiffs' Unopposed Motion for Preliminary

Approval (the "Motion For Preliminary Approval") of the class action settlement of the above-

captioned action between Plaintiffs Michael W. Allegretti, Chandra V. Brown-Davis, Yolanda Brown, Ronald Dinkel, Siobhan E. Fannin, Kristie Kolacny, Dianna J. Martin, Sherri Nelson, Becky S. Ray, Scott C. Read, Timothy M. Renaud, Lisa Smith, Susan Weeks, and Andro D. Youssef (Class Representatives), individually and on behalf of a class of participants in the Walgreen Profit-Sharing Retirement Plan (the "Plan"), and Defendants Walgreen Co., the Retirement Plan Committee of the Walgreen Profit-Sharing Retirement Plan, the Trustees of the Walgreen Profit-Sharing Retirement Trust, and the Board of Directors of Walgreen Co. (collectively, "Walgreens Defendants"), as set forth in the Settling Parties' Settlement Agreement (the "Settlement Agreement").[1] Having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. The Court has read and considered Plaintiffs' Motion for Preliminary Approval, along with the Settlement Agreement and its Exhibits. The Court hereby preliminarily approves the Settlement Agreement in its entirety. The Court finds that it will likely be able to approve the Agreement under Federal Rule of Civil Procedure ("Rule") 23(e)(2). The Court finds that there is cause to believe that (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, (iii) Class Counsel and the Class Representatives have adequately represented the Class Members; (iv) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; (v) the proposed Settlement treats Class Members equitably relative to each other; and (vi) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23,

---

[1] All capitalized terms used herein shall have the same meaning ascribed to them in the Settlement Agreement.

and is not a coupon settlement for purposes of 28 U.S.C. § 1712. The Settlement Agreement and this Order, collectively or individually, are not a finding or admission of liability by the Walgreens Defendants or any other party.

2.     Further, as stated in the Order of February 11, 2021 (Dkt. No. 73), the Court finds certification of the class warranted under Rule 23(b)(1) and reaffirms class certification with the modified definition of the Settlement Class set forth in Paragraph 2.41 of the Settlement Agreement. The Court further reaffirms the appointment of Class Counsel and the Class Representatives as set forth in the Order of February 11, 2021 (Dkt. No. 73). Accordingly, per Rule 23(e)(1)(B), the Settling Parties have also shown that the Court will likely be able to certify the class for purposes of judgment on the settlement proposal.

3.     The Court approves the text of the Class Notice and Former Participant Rollover Form for mailing and/or sending by electronic means to Class Members and Former Participants identified by the Settlement Administrator to notify them (1) of the Fairness Hearing and (2) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website, as further described in the Settlement Agreement, without requiring additional mailed or electronic notice. The Class Notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and constitutes the best notice practicable under the circumstances. The Court further approves the establishment of the Settlement Website and a toll-free telephone service.

4.      Analytics Consulting LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. Analytics Consulting LLC is additionally appointed the Escrow Agent and shall be required to perform all the duties of the Escrow Agent as set forth in the Settlement Agreement and this Order. The Settlement Administrator shall be bound by the Confidentiality Order (Dkt. No. 59) and any further non-disclosure or security protocol jointly agreed to by the Settling Parties. The Settlement Administrator shall use the data provided by the Walgreens Defendants and the Plan's recordkeepers solely for the purpose of meeting its obligations as Settlement Administrator and Escrow Agent, and for no other purpose. The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

5.      Within thirty (30) calendar days of the date of this Order, the Settlement Administrator shall send the Class Notice by electronic means and/or mail to each Class Member identified by the Settlement Administrator and the Former Participant Rollover Form to each Former Participant identified by the Settlement Administrator based upon the information provided by the Plan's recordkeepers.

6.      On _____, 20__ [at least (90) calendar days after the date of the Preliminary Order is entered] this Court will hold a Fairness Hearing to determine whether the Court should (i) approve the Settlement as fair, reasonable, and adequate, (ii) enter the Final Order, and (iii) approve Class Counsel's application for attorneys' fees and expenses and the Class Representatives' Compensation. The Fairness Hearing may, without further direct notice to the

Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court. The Fairness Hearing will be conducted remotely in accordance with instruction provided by the Court.

7.      Any Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections must be filed with the Court and be mailed or otherwise delivered to Class Counsel and Defense Counsel by thirty (30) calendar days prior to the scheduled Fairness Hearing (the "Objection Deadline"). A Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her, or their comment to be considered by the Court. All objections from Class Members must include in the written objection his, her, or their name and address; state that he, she, or they are a Class Member; include the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); all documents or writings that the Class Member desires the Court to consider (including all copies of any documents relied upon in the objection); provide a physical signature by the objector; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing with or without counsel. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear at least ten (10) calendar days prior to the scheduled Fairness Hearing. Plaintiffs or the Walgreens Defendants or both may take any objector's deposition or request documents from any objector regarding the matter, subject to Court approval. Any Settling Party may file a response to an objection by a Class Member.

8.      Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or their objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

5

9.     No later than fourteen (14) calendar days prior to Objection Deadline, Class Counsel shall file an application for attorneys' fees, expenses, and Class Representatives' Compensation to the Class Representatives. No later than ten (10) business days prior to Fairness Hearing, Plaintiffs shall file papers in support of final approval of the Settlement Agreement and in response to any written objections. The Walgreens Defendants will not oppose the final approval of the settlement.

10.     No later than ten (10) calendar days before the Fairness Hearing, each Former Participant must file a valid Former Participant Rollover Form with the Settlement Administrator in order to be eligible for a rollover from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by the Former Participant.

11.     The Court approves the form of CAFA notices attached as Exhibit 5 to the Settlement Agreement and orders that the Walgreens Defendants have fulfilled their obligations under the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, upon the mailing of the CAFA notices.

12.     If the Settlement is terminated in accordance with the Settlement Agreement, then this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement execution date.

13.     This Order shall not be construed or used as an admission, concession, or declaration by or against the Walgreens Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Class

Representative or Class Member that their claims lack merit, or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she or it may have.

14. Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against any Released Party or the Plan.

**IT IS SO ORDERED** this _____ day of _____, 2021.

Charles R. Norgle
United States District Judge
Northern District of Illinois