IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL W. ALLEGRETTI, CHANDRA V. BROWN-DAVIS, YOLANDA BROWN, RONALD DINKEL, SIOBHAN E. FANNIN, KRISTIE KOLACNY, DIANNA J. MARTIN, SHERRI NELSON, BECKY S. RAY, SCOTT C. READ, TIMOTHY M. RENAUD, LISA SMITH, SUSAN WEEKS, AND ANDRO D. YOUSSEF, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO.; THE RETIREMENT PLAN COMMITTEE OF THE WALGREEN PROFIT-SHARING RETIREMENT PLAN; THE TRUSTEES OF THE WALGREEN PROFIT-SHARING RETIREMENT TRUST; THE BOARD OF DIRECTORS OF WALGREEN CO.,<br><br>Defendants. | Case No. 1:19-cv-05392<br><br>Hon. Charles R. Norgle |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**

Plaintiffs have filed an Unopposed Motion for Attorney's Fees, Reimbursement of Expenses, and Service Awards in connection with the court-approved settlement in the above-

captioned class action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"). Having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. On February 11, 2021, the Court appointed Plaintiffs representatives of the Class and appointed Charles Field, Kevin Sharp, David Tracey, Danielle Fuschetti, and Sanford Heisler Sharp, LLP as Class Counsel. *See* Dkt. No. 73. On November 1, 2021, the Court granted preliminary approval of the settlement in this case. Dkt. No. 101. On December 30, 2021, Plaintiffs filed the present unopposed motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards. Plaintiffs request attorneys' fees of $4,583,333.33, equal to one-third (33 1/3%) of the common fund, which will also cover Class Counsel's expenses. Plaintiffs further request service awards of $15,000 per Plaintiff.

2. "[W]hen deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). A fee of one third of the common fund is "the market rate for settlements of this size and in settlements concerning this particularly complex area of law," and courts routinely award that percentage to class counsel in ERISA cases. *George v. Kraft Foods Glob., Inc.*, 2012 WL 13089487, at *2 (N.D. Ill. June 26, 2012); *see also Brewer v. Molina Healthcare, Inc.*, 2018 WL 2966956, at *4 (N.D. Ill. June 12, 2018) (finding that one-third is "the standard contingent percentage" that employment lawyers in this district charge clients).

3. Moreover, Class Counsel took on a substantial risk in this case. "ERISA 401(k) fiduciary breach class actions are extremely complex and require a willingness to risk significant resources in time and money, given the uncertainty of recovery and the protracted and sharply-

contested nature of ERISA litigation." *Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*, 504 F. Supp. 3d 265, 269 (S.D.N.Y. 2020). Here, the facts were vigorously "disputed with regard to the similarities between the [Challenged] Funds and Comparator Funds and benchmark indexes." *Brown-Davis v. Walgreen Co.*, 2020 WL 8921399, at *2 (N.D. Ill. Mar. 16, 2020).

4. In awarding attorney's fees, the Court also considers the "quality of [Class Counsel's] performance" and "the amount of work necessary to resolve the litigation." *Sutton v. Bernard*, 504 F.3d 688, 693 (7th Cir. 2007). As the Court found in appointing Class Counsel, Sanford Heisler Sharp had "extensive experience in handling class actions, other complex litigation, and the types of claims asserted in this action," had "extensive knowledge of the applicable law," and "performed extensive work in identifying" and "investigating potential claims in the action." Dkt. No. 73 at 3. Class Counsel spent over 3,500 hours on this case, largely defeating Defendants' motion to dismiss, conducting extensive discovery, and taking the deposition of Defendants' corporate representative. As a result, Class Counsel generated substantial relief for the Class, achieving a favorable $13.75 million monetary settlement as well as non-monetary relief.

5. Class Counsel have also advanced nearly $50,000 in expenses necessary for the prosecution of this case. *See* Field Decl. ¶ 46; Barnow Decl. ¶ 19. A portion of the one-third fee award will reimburse Class Counsel for these reasonable expenses. *See, e.g., Bell v. Pension Comm. of ATH Holding Co., LLC*, 2019 WL 4193376, at *6 (S.D. Ind. Sept. 4, 2019) (noting it is "well established" that such expenses are reimbursable).

6. Plaintiffs also seek compensation for their service to the Class and to the Plan. "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*,

3

142 F.3d 1004, 1016 (7th Cir. 1998). "Service awards are well suited in employment litigation because the plaintiffs assume the risk that future employers may look unfavorably upon them if they file suit against former employers." *Brewer v. Molina Healthcare, Inc.*, No. 1:16-CV-09523, 2018 WL 2966956, at *2 (N.D. Ill. June 12, 2018); *see Beesley v. Int'l Paper Co.*, 2014 WL 375432, at *4 (S.D. Ill. Jan. 31, 2014) (noting that "ERISA litigation against an employee's current or former employer carries unique risks," including "alienation from employers or peers").

7. In ERISA cases, there is an additional, independent ground for granting service awards. "[A]ctions for breach of fiduciary duty" under ERISA § 502(a)(2) are "brought in a representative capacity on behalf of the plan as a whole." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985); *see also LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 254 (2008) (explaining that ERISA describes "the 'plan' as the victim of any fiduciary breach and the recipient of any relief"). "It is a general rule in courts of equity that a trust fund which has been recovered or preserved through their intervention may be charged with the costs and expenses ... incurred in that behalf." *United States v. Equitable Tr. Co. of N.Y.*, 283 U.S. 738, 744 (1931) (awarding plaintiff compensation "for his services," plus attorneys' fees and expenses, in suit to restore property to trust); 2 Street, Federal Equity Practice § 2041 ("[W]here a person occupying a trust relation, or acting *en autre droit* [in another's right], sues..., his costs will usually be charged to the trust fund."). Equity thus permits the Court to compensate Plaintiffs for their service to the Plan, "which ERISA typically treats as a trust." *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011).

8. In this case, "each Plaintiff was willing to alienate" their current or former "employer, longtime friends loyal to [Walgreen] and current and future employers unlikely to embrace an employee who files an action against his employer." *Abbott v. Lockheed Martin Corp.*, No. 06-CV-701-MJR-DGW, 2015 WL 4398475, at *1 (S.D. Ill. July 17, 2015). In addition,

4

Plaintiffs expended significant time to benefit the Class: they responded to document requests and interrogatories, reviewed and approved pleadings, and participated in settlement discussions. Courts have approved comparable and higher service awards in similar circumstances. *See, e.g.*, *Cook*, 142 F.3d at 1016; *Abbott*, 2015 WL 4398475, at *4; *George*, 2012 WL 13089487, at *4.

9. Therefore, the Court finds that an award of attorneys' fees of $4,583,333.33, or 33 1/3 % of the settlement fund, and service awards of $15,000 for each Class Representative are consistent with awards in similar cases and appropriate in this case. Accordingly, Plaintiffs' Unopposed Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards is **GRANTED**.

IT IS SO ORDERED this ____4____ day of ___JAN___, 2022.

_____
Charles R. Norgle
United States District Judge
Northern District of Illinois