

**FILED**

2/11/2022

JJ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL W. ALLEGRETTI, CHANDRA V. BROWN-DAVIS, YOLANDA BROWN, RONALD DINKEL, SIOBHAN E. FANNIN, KRISTIE KOLACNY, DIANNA J. MARTIN, SHERRI NELSON, BECKY S. RAY, SCOTT C. READ, TIMOTHY M. RENAUD, LISA SMITH, SUSAN WEEKS, AND ANDRO D. YOUSSEF, on behalf of themselves and all others similarly situated, | Case No. 1:19–cv–05392 |
| | Hon. Charles R. Norgle |
| Plaintiffs, | |
| v. | |
| WALGREEN CO.; THE RETIREMENT PLAN COMMITTEE OF THE WALGREEN PROFIT-SHARING RETIREMENT PLAN; THE TRUSTEES OF THE WALGREEN PROFIT-SHARING RETIREMENT TRUST; THE BOARD OF DIRECTORS OF WALGREEN CO., | |
| Defendants. | |

# Class Member [Paul Adams] Pro Se request for amendment to settlement.

Paul Adams

6728 Cortland Dr. N Tonawanda, NY 14120

716.553.3475    pauladams1026@gmail.com

February 11, 2022

Honorable Charles R. Norgle

Judge of Northern District of Illinois

Dirksen U.S. Courthouse

219 S. Dearborn St., Chicago, IL 60604

Re: Brown-Davis et al v. Walgreen Co., et al., Case: 1:19-cv-05392

Dear Honorable Judge Norgle,

I would like to request an amendment to the settlement in the case of Brown-Davis et al v. Walgreen Co., et al., Case: 1:19-cv-05392.

Using the formula put forth by my de facto Counsel Charles Field from the prestigious law firm of Sanford Heisler Sharp, I have determined that I am qualified to be awarded legal fees legal fees and compensation totaling $29,960.38 as part of the settlement for the 23.5 hours spent on this case and my participation in this case.

I am also seeking a $2,000,000 award for graciously and unawaredly allowing my Counsel to exploit my status as a member of the Plan. Without my *prodigious* effort to work for Walgreens and participate in the Plan, this entire case would not be possible.

According to doc#109-2 - Declaration of Charles Field, Class Counsel spent 3,559 hours before 12/20/21 and 36 hours after 12/20/21 prosecuting the case equalling 3,595 hours expended by the Class Counsel.

The portion of the 13.75M settlement that is being awarded to the Class Counsel is $4,583,333.33. This results in an effective rate of $1,274.91 per hour.

The Class Counsel has been working on my behalf for approximately 2.5 years without my knowledge or consent, while apparently having access to my financial records which I never authorized.

Since receiving first notice that I was a member of the Class in mid-December 2021, I have "zealously and diligently investigated…this case." I have "pored over voluminous Plan…documents" and "filed multiple" documents with the court. I "have devoted substantial resources" and acted "entirely on a contingency basis." [ see verbiage used in case document #110 - 'Plaintiffs' response to Paul Adams' objection to the class action settlement agreement' p. 6-7]

It is safe to say that Counsel will not agree to this amendment. I'm sure they have a fine team of hard working legal aids who will be tasked to dig up references to cases that set precedent and try to leverage those years-old cases to dismiss my amendment.

Precendential cases are very important. They are valuable because they **set a precedent**. In document #110, Counsel references cases from 2019, 2015, 1974, 2011, 2004, 1995, and so on to base his or her argument.

Something in all of those cited cases must have resulted in change and thus, **set a precedent**. This does not mean that the rulings in these cases must guide legal proceedings for all of eternity.

In 1987, I set precedent by wearing a mullet. The 'business in the front and party in the back' hairstyle was the precedent that ruled my life. At some point I realized what a terrible mistake that was and subsequently set a new precedent of not wearing mullet. It was a solid mullet too. Well groomed, nicely blending with the rest of my hair. It served me well, but after a few years it was time for a change.

Just as my awesome mullet was put to rest in 1996 [9 years too late], it is now time for the obscene awards that lawyers receive **for exploiting Class action suit members** to be replaced by new precedent.

Firms such as the one prosecuting this case spend their days creating a victim class and suing unsuspecting companies. The companies, like Walgreens, will do a settlement because they don't want the negative publicity or costs incurred from a long trial. No company wants to make headlines for being in court, even if they are 100% innocent. [I'm not implying that Walgreens is innocent of ERISA violation.]

The plaintiffs in this case originally sought $300M and are not settling for a small fraction of that at $13.75M. As a result, the class members will have ⅔ of that divided amongst 195,453 resulting in an *average* of a whopping $44.75 per member. Not Counsel though…they will walk away with a cool $4,583,333.67.

If Walgreens ERISA violation was so egregious as to warrant a 200,000 member class action lawsuit, shouldn't the actual plan participants be the big winner here?

One of two things is going on here:

1) Either the ERISA violation wasn't bad enough to win in court and Walgreens is settling because they're rich and don't want to go to jury trial and get bad publicity. Counsel accepted and walks away with nearly $5M and Class members get a raw deal.

   or

2) It was really that bad, but Walgreens powerful team of super-lawyers scared the *prodigious* Charles Field and his posse into submission and agreed to pennies on the dollar to avoid being embarrassed on a national stage.

**#2!** It's gotta be #2, right? …No, it's not #2.

As a <u>current</u> Walgreens employee, this settlement really does not benefit me very much. (I still have no idea what my proposed personal payout is.) This settlement will actually hurt me.

Walgreens will have to pay $13.75M which will directly affect the bottom line. With less money in the bank, Walgreens will be less able to offer benefits, pay increases, labor hours, and less equipment and infrastructure that helps me do my job. I've worked for Walgreens for a long time and I certainly don't anticipate any of that anyway, but the likelihood is greatly reduced.

As a result of the negative impact that this settlement will have on my career and workplace, the per hour rate as determined by Mr. Field, and the service award for my participation in this suit: I respectfully request an amendment to the settlement that awards me $2,029,960.38. [*This amount will be payable from the $4,583,333.33 attorney's fees and NOT from the remainder of the settlement that is awarded for Class members.*]

Thank you for the court's time in considering these issues.  It is unfortunate that all of this is at the last minute. I have only known for less than two months about the exploitation of me and my fellow 195,452 current and former Walgreens coworkers.

Judge Norgle, I implore you to set a precedent here. You have the venue and the opportunity to stand up for the rights and dignity of this Class and all future Classes.

Today I learned that you were appointed by Ronald Reagan. As an admirer of President Reagan, I find it hard to believe that he would look at the details of this case and support the proposed settlement. When President Reagan appointed you, I imagine that he hoped that you would always represent the individual working class American. I believe that President Reagan would be proud if you took a stand here and set a NEW precedent. A precedent that supports the working people of America, and not the lawyers.

SIncerely,

*Paul Adams*

Paul Adams