# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL W. ALLEGRETTI, CHANDRA V. BROWN-DAVIS, YOLANDA BROWN, RONALD DINKEL, SIOBHAN E. FANNIN, KRISTIE KOLACNY, DIANNA J. MARTIN, SHERRI NELSON, BECKY S. RAY, SCOTT C. READ, TIMOTHY M. RENAUD, LISA SMITH, SUSAN WEEKS, AND ANDRO D. YOUSSEF, on behalf of themselves and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>WALGREEN CO.; THE RETIREMENT PLAN COMMITTEE OF THE WALGREEN PROFIT-SHARING RETIREMENT PLAN; THE TRUSTEES OF THE WALGREEN PROFIT-SHARING RETIREMENT TRUST; THE BOARD OF DIRECTORS OF WALGREEN CO., <br><br>Defendants. | Case No. 1:19-cv-05392 <br><br> Hon. Charles R. Norgle |

## ORDER APPROVING CLASS ACTION SETTLEMENT

This matter having come before the Court on Plaintiffs' Motion for Final Approval (the "Motion For Final Approval") of the class action settlement of the above-captioned action between Plaintiffs Michael W. Allegretti, Chandra V. Brown-Davis, Yolanda Brown, Ronald Dinkel,

Siobhan E. Fannin, Kristie Kolacny, Dianna J. Martin, Sherri Nelson, Becky S. Ray, Scott C. Read, Timothy M. Renaud, Lisa Smith, Susan Weeks, and Andro D. Youssef ("Class Representatives"), individually and on behalf of a class of participants in the Walgreen Profit-Sharing Retirement Plan (the "Plan"), and Defendants Walgreen Co., the Retirement Plan Committee of the Walgreen Profit-Sharing Retirement Plan, the Trustees of the Walgreen Profit-Sharing Retirement Trust, and the Board of Directors of Walgreen Co. (collectively, "Walgreens Defendants"), as set forth in the Settling Parties' Settlement Agreement.[1] Having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

WHEREAS, Class Representatives in the Litigation on their own behalf and on behalf of the Class Members and the Plan, and the Walgreens Defendants, have entered into a Settlement Agreement dated September 30, 2021, that provides for a complete dismissal with prejudice of the Released Claims on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court;

WHEREAS, by Order dated November 1, 2021, Dkt. No. 101 (the "Preliminary Approval Order") this Court (1) preliminarily approved the Settlement Agreement; (2) reaffirmed its Order of February 11, 2021 (Dkt. No 73) certifying the class, as modified by Section 2.41 of the Settlement Agreement; (3) reaffirmed its Order of February 11, 2021 (Dkt. No. 73) appointing Class Counsel and Class Representatives; and (4) directed notice be given to the Class Members and approved the form and manner of the Class Notice;

WHEREAS, by Order dated November 3, 2021, the Court scheduled a telephonic Fairness Hearing for February 16, 2022;

---

[1] The capitalized terms not defined in this Final Approval Order have the same meaning ascribed to them in the Settlement Agreement.

2

WHEREAS on November 15, 2021, the Court granted Plaintiffs' Motion to Amend the Class Notice (Dkt. No. 104);

WHEREAS, due and adequate notice has been given to the Class Members;

WHEREAS, the Court conducted a hearing on February 16, 2022 (the "Fairness Hearing") to consider, among other things, (1) whether the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members and should be finally approved by the Court; (2) Class Counsel's application for Attorneys' Fees and Costs; (3) the Class Representatives' requests for Class Representatives' Compensation; (4) whether this Final Approval Order should be entered dismissing with prejudice the Released Claims; and (5) whether Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in the Litigation in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Litigation, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the Settlement Agreement, as well as personal jurisdiction over all the Settling Parties and each of the Class Members.

2. This Final Approval Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on October 22, 2021, Dkt. No. 99-3—99-8; and (b) the Class Notice approved by the Court on November 15, 2021. Dkt. Nos. 103-104.

3. The Court finds that the dissemination of the Class Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably

practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Litigation, of the effect of the Settlement Agreement (including the releases provided for therein), of their right to object to the Settlement and appear at the Fairness Hearing, of Class Counsel's application for Attorneys' Fees and Costs, and of the request for Class Representatives' Compensation; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement Agreement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and all other applicable law and rules.

4. The Court overrules the sole objection filed in this matter. Dkt. No. 108. Only one class member out of approximately 195,000 filed an objection. The objector, Mr. Paul Adams, generally argues that the Settlement fund is too low and the attorneys' fees are too high. However, the objection is based on an incorrect estimate of the Class's damages; a misinterpretation of the Plan of Allocation; and an incorrect account of Class Counsel's efforts in this case. In light of the record as a whole, the objection does not alter this Court's conclusion that the Settlement and Plan of Allocation satisfy Rule 23 and that the Attorneys' Fees, Costs, and Class Representatives' Compensation ("Service Awards") are fair and reasonable.

5. The Settlement was reviewed by an independent fiduciary, which has approved the Settlement.

6. Having considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2), the Court hereby fully and finally approves the Settlement Agreement in all respects including, without limitation, the terms of the Settlement Agreement; the releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action; and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate, and is in the best interests of the Class

4

Members. Class Representatives and Class Counsel have adequately represented the class and negotiated the Settlement Agreement at arm's length. The Settlement Agreement provides fair, reasonable and adequate relief to the class given: (i) the costs, risk and delay of trial and appeal; (ii) the effectiveness of the proposed method for distributing relief, which ensures that qualified Class Members with greater than *de minimis* damages receive a portion of the settlement, in rough proportion to their alleged losses, without having to file a claim; (iii) the terms of the proposed award of Attorneys' Fees and Costs and the Class Representatives' Compensation Awards; and (iv) there are no known agreements to be identified by Rule 23(e)(3). Furthermore, the Settlement Agreement treats Class Members equitably relative to each other.

7. The Settling Parties are directed to implement, perform, and take the necessary steps to effectuate the terms of the Settlement Agreement.

8. All Settling Parties, Class Members, and the Plan shall be bound by the Settlement Agreement and by this Order.

9. As of the Settlement Effective Date, pursuant to Federal Rule of Civil Procedure 54(b), the Litigation and all Released Claims asserted therein – whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan – are hereby dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement. There is no just reason to delay entry of this Final Approval Order as a final judgment as of the Settlement Effective Date with respect to the claims asserted in the Litigation.

10. The Plan, the Class Representatives, and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) are: (i) conclusively deemed to have, and by operation of this Order have, fully, finally, and forever settled, released, relinquished, waived,

and discharged the Released Parties from all Released Claims; and (ii) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Litigation and the Released Claims, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

11. Each Class Member shall release the Released Parties, Defense Counsel, Class Counsel, and the Plan for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

12. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"), notice was provided to the appropriate officials and all applicable CAFA requirements have been satisfied.

13. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Former Participant in accordance with the Plan of Allocation approved by the Court.

14. With respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Former Participant Rollover Form should be accepted in the first instance.

15. With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall

6

be resolved by the Plan administrator or other Plan fiduciaries in accordance with applicable law and governing terms of the Plan.

16. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

17. If the Settlement Agreement does not go into effect or is terminated as provided for therein, then this Order (and any orders of the Court relating to the Settlement Agreement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

18. The Court has entered a separate Order on Class Counsel's application for Attorneys' Fees and Costs and the request for Class Representatives' Compensation. Dkt. No. 107 ("Fees Order"). Having considered the sole objection and the papers filed in connection with the Motion for Final Approval, the Court reaffirms the Fees Order. Such order shall in no way affect or delay the finality of this Final Approval Order and shall not affect or delay the Settlement Effective Date.

**IT IS SO ORDERED** this __16__ day of __FEB__, 2022.

_____
Charles R. Norgle
United States District Judge
Northern District of Illinois